# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **EDCV 22-0262-JGB (JPR)**             Date: **February 16, 2022**
Title:  **David Guerrero v. Raymond Madden, Warden**

===============================================================

**DOCKET ENTRY: Order Serving Petition and Requiring Petitioner to Show Cause Why the Petition Should Not Be Summarily Dismissed**

===============================================================

PRESENT:

**HON. JEAN P. ROSENBLUTH, U.S. MAGISTRATE JUDGE**

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PETITIONER:      ATTORNEYS PRESENT FOR RESPONDENT:
None present                                               None present

**PROCEEDINGS: (IN CHAMBERS)**

On February 7, 2022, Petitioner filed pro se a Petition for Writ of Habeas Corpus by a Person in State Custody. **IT IS ORDERED** that the Clerk promptly serve on the Attorney General for the State of California an electronic copy of (a) the Petition and (b) this Order. The Clerk should also serve a copy of this Order on Petitioner. Within seven days of the date of this Order, Respondent must file and serve a notice of appearance that designates the Deputy Attorney General(s) in charge of the case.

Petitioner alleges that in 2010, he pleaded guilty in San Bernardino County Superior Court to active participation in a criminal street gang under Penal Code section 186.22(a). (See Pet. at 2, 10.) In 2014, a Riverside County Superior Court jury convicted him of attempted first-degree murder. (See Pet. at 14, 17); Pet. at 2, Guerrero v. Madden, No. 5:19-cv-0220-JGB (JPR) (C.D. Cal. filed Feb. 4, 2019). During sentencing in 2015, the trial court apparently found that his 2010 conviction qualified as a prior strike offense, resulting in an enhanced sentence. (See Pet. at 14.) Petitioner's habeas petition challenging his 2014 conviction remains pending in this Court. See Guerrero, No. 5:19-cv-0220-JGB (JPR).

The Petition appears to attack judgments from two different state courts. (See, e.g., Pet. at 2 (listing two state-court case numbers), 14 (arguing that Petitioner's current

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | | |
|---|---|---|
| Case No.: | **EDCV 22-0262-JGB (JPR)** | February 16, 2022 |
| | **David Guerrero v. Raymond Madden, Warden** | Page 2 |

sentence for 2014 conviction is unlawful because his 2010 conviction is invalid).) If so, Petitioner has likely violated Rule 2(e) of the Rules Governing Section 2254 Cases, which requires a petitioner "who seeks relief from judgments of more than one state court" to "file a separate petition covering the judgment or judgments of each court."

To the extent the Petition challenges only his 2015 sentencing enhancement, it is likely improperly successive because he would be challenging the same judgment at issue in his other habeas case, No. 5:19-cv-0020-JGB (JPR). See 28 U.S.C. § 2244(b). He should instead likely have sought leave to amend that petition to include his new claim, not file a whole new petition. At any rate, his new claim is likely procedurally barred, see Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) (as amended on denial of reh'g en banc); In re Guerrero, No. E075274, 2021 WL 822913, at *6 (Cal. Ct. App. Mar. 4, 2021) (finding that if Petitioner "believe[d] the trial court's determination that his 2010 conviction qualified as a strike offense was erroneous or not supported by his record of conviction, such claims clearly could and should have been raised on direct appeal" but were not); barred by Lackawanna County District Attorney v. Coss, 532 U.S. 394, 403-04 (2001) (finding that when expired prior conviction is later used to enhance sentence, petitioner "generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained"); and untimely[1] and thus amending the earlier petition to include it would probably be futile.

To the extent the new Petition challenges only his 2010 conviction, it appears to be untimely. See § 2244(d)(1). And because Petitioner's sentence on it has almost certainly expired (see Pet. at 10 (noting that he received two-year sentence)), he does not appear to be "in custody" under that conviction and the Court would thus lack subject-

---

[1] Petitioner relies on a 2012 state-court case for the proposition that his 2010 conviction should not have enhanced his current sentence, but he never adequately explains why he could not have raised this claim earlier.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: bm |
| CIVIL-GEN | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | | |
|---|---|---|
| Case No.: | **EDCV 22-0262-JGB (JPR)** | **February 16, 2022** |
| | <u>**David Guerrero v. Raymond Madden, Warden**</u> | **Page 3** |

---

matter jurisdiction over the Petition. <u>See</u> <u>Lackawanna</u>, 532 U.S. at 401 (finding that petitioner could not bring habeas petition directed solely at conviction for which he was no longer serving sentence); <u>Bailey v. Hill</u>, 599 F.3d 976, 978 (9th Cir. 2010) ("in custody" requirement is jurisdictional).

     IT THEREFORE IS ORDERED that within 21 days of the date of this Order, Petitioner show cause in writing, if he has any, why the Court should not summarily dismiss this action for the reasons stated above. Petitioner is warned that his failure to timely and satisfactorily respond to this Order may result in his Petition being dismissed on the grounds set forth above or for failure to prosecute, or for both reasons. Respondent may file a reply no later than 14 days after service of any response. The matter will then stand submitted for decision.